**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald D Bailey, et al., | No. CV-17-00550-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

In this action, Plaintiffs request that the Court set aside judgment entered against them in a 2005 suit, *Donald D. Bailey and Sandra M. Bailey v. United States,* Case No. CV 05-310 TUC-CKJ, and that the Court award Plaintiffs the tax refund that they sought in that 2005 action. (Doc. 6 at 4.) Plaintiffs cite Rule 60(b)(3), Federal Rules of Civil Procedure, in support of their request for relief. (*Id*. at 1.)

Currently pending before the Court are: (1) Plaintiffs' Motion for Leave to Amend (Doc. 16); (2) Defendant's Motion to Dismiss (Doc. 17); (3) Plaintiffs' Motion for Leave to Amend the Fourth Time (Doc. 19); and (4) Plaintiffs' Motion for Status of Case (Doc. 26). For the following reasons, the Court will deny Plaintiffs' motions to amend and grant Defendant's Motion to Dismiss.

**Discussion**

In 2005, Plaintiffs filed suit in this Court before the Honorable Cindy K. Jorgenson seeking a refund of federal income taxes for the 1992 tax year. (Doc. 17 at 2; *Donald D. Bailey and Sandra M. Bailey v. United States,* Case No. CV 05-310 TUC-CKJ

("the 2005 action").)  After a bench trial, Judge Jorgenson entered final judgment in favor of the United States and assessed costs against Plaintiffs in the amount of $2,774.33. (Doc. 17-1 at 14–23.[1])  Judge Jorgenson denied Plaintiffs' subsequent motions for a new trial and motions filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (*See* Doc. 17 at 2–4.)

In the instant matter, Plaintiffs request that this Court set aside the judgment entered against them in the 2005 action and find that they are entitled to a tax refund of $40,098 for the 1992 tax year.  (Doc. 6 at 4.)  Plaintiffs again rely on Rule 60(b) in support of their request for relief.

Defendant moves to dismiss Plaintiffs' Second Amended Complaint on grounds of res judicata and for failure to state a claim.  (Doc. 17.)

"The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency,* 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotation marks and citation omitted).  Res judicata also bars new claims that could have been brought in the earlier action. *Id.*  Res judicata applies whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties. *Id.* (citation omitted).

The doctrine of res judicata precludes Plaintiffs' instant attempt to relitigate the 2005 action.  Plaintiffs' claim for a refund is the same claim litigated against the same parties in the 2005 action, in which final judgment has been entered.  In fact, in the 2005 action, Plaintiffs sought to set aside the judgment by presenting the court with the same arguments and types of evidence as presented in this action.  (*See e.g.,* Doc. 17-1 at 45–49; *Donald D. Bailey and Sandra M. Bailey v. United States,* Case No. CV 05-310 TUC-CKJ at Docs. 158, 160, 163.)  Thus, the Court finds that Plaintiffs' action is barred under the doctrine of res judicata.

---

[1] Reference to page numbers of Doc. 17-1 correlate to the page number assigned by the Court's electronic filing system (CM/ECF) that appears at the top of each page of that document.

Plaintiffs' motions to amend do not show that Plaintiffs can overcome application of this doctrine. In seeking amendment, Plaintiffs concede that the issues in the 2005 action "are the same as this case." (Docs. 16, 19.) As such, the doctrine of res judicata would bar the amended claims. Because leave to amend is properly denied when amendment would be futile, the Court will deny Plaintiffs' motions to amend. *See DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 188 (9th Cir. 1987) ("[F]utile amendments should not be permitted.") (internal quotation marks and citation omitted).

Accordingly, IT IS ORDERED:

1. Plaintiffs' Motion for Leave to Amend (Doc. 16) is DENIED.

2. Defendant's Motion to Dismiss (Doc. 17) is GRANTED.

3 Plaintiffs' Motion for Leave to Amend the Fourth Time (Doc. 19) is DENIED.

4. Plaintiffs' Motion for Status of Case (Doc. 26) is GRANTED to the extent that this Order serves to advise Plaintiffs of the status of this action. The Motion is DENIED to the extent that Plaintiffs request any other relief.

5. The Clerk of Court shall enter judgment accordingly and close the file in this action.

Dated this 9th day of November, 2018.

_____
Honorable Jennifer G. Zipps
United States District Judge